# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2010

No. 09-40567
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO GODINEZ, also known as Juan Roberto Talavera, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-776-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alejandro Godinez appeals his guilty plea conviction for conspiracy to possess with intent to distribute more than five kilograms of cocaine, 1,000 kilograms of marijuana, and more than 500 grams of methamphetamine and conspiracy to commit money laundering promotion. Godinez was sentenced to a total of 360 months in prison.

In his first ground of error, Godinez complains that the district court erroneously calculated his base offense level because the court, contrary to its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statements at sentencing, included within its drug quantity calculation 6.47 kilograms of methamphetamine. He argues that his base offense level should have been 34 and not level 38. In his fourth ground of error, Godinez complains of the assessment of relevant conduct to his offense score.

We review a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining whether the district court abused its discretion, we must determine whether the district court committed any significant procedural error. *Id.* A district court commits a procedural error if it miscalculates or fails to calculate the proper guidelines range; if it imposes a sentence based on clearly erroneous facts; or if it fails to explain adequately its chosen sentence. *Id.*

A defendant convicted of a drug offense is sentenced based on the amount of drugs involved in the offense, with quantities of drugs from multiple transactions added together. *United States v. Culverhouse*, 507 F.3d 888, 895 (5th Cir. 2007). A district court's determination of the amount of drugs for which a defendant should be held responsible is a factual finding which we review for clear error. *United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998).

Godinez takes the district court's statements at sentencing out of context. The statements were made in discussing the Government's recommendation that the two-level enhancement of U.S.S.G. § 2D1.1 should not apply and were not made in relation to the propriety of the drug quantity calculation. The drug quantity, as calculated in the presentence report (PSR), included the 6.47 kilograms of methamphetamine seized on October 23, 2003, a fact Godinez admitted at his plea hearing and in his written statement of acceptance of responsibility. There was no clear error. *See Posada-Rios*, 158 F.3d at 878.

With regard to the issue of "relevant conduct," Godinez asserts that the court erroneously considered unseized loads of marijuana for purposes of the drug quantity calculation. The record refutes this claim. There is no indication

in the record that the district court considered the unseized loads in calculating the drug quantity.

In grounds of error two and three, Godinez asserts that the sentencing proceeding was impermissibly continued without him or his counsel being present. The issue is raised for the first time on appeal; review is for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Godinez, however, has not established reversible plain error because he has not alleged, much less demonstrated, any prejudice. Thus, he cannot show that his substantial rights have been affected. *See id.* at 520-21.

In his final ground of error, Godinez faults the district court's assessment of the four-level upward adjustment under § 3B1.1(a) for his leadership role in the offense. He argues that he was, at most, a mid-level supervisor or manager, warranting a three-level increase. The information in the PSR, which Godinez did not rebut, showed that he recruited and directed five or more participants in the transportation of the drugs and drug proceeds. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996); § 3B1.1, comment. (n.4). Thus, the district court did not clearly err in applying the adjustment. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). The judgement of the district court is affirmed.

AFFIRMED.